```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
PHILADELPHIA INDEMNITY INSURANCE                      :
COMPANY,                                              :
                                                      :   19-CV-8658 (JMF)
                         Plaintiff,                   :
                                                      :        ORDER
         -v-                                          :
                                                      :
DEOGENE MEZA et al.,                                  :
                                                      :
                         Defendants.                  :
                                                      :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      At the initial conference held on the record on February 13, 2020, Plaintiff and two Defendants — Eric Rosenthal and Nicholas Cascio — appeared. The remaining Defendants — Deogene Meza, Melody Meza, Futures Group IT LLC, Futures Group Holdings Inc., and Futures Group Staffing Solutions, Inc. — have been served with the summons and First Amended Complaint, but they have not entered appearances and are in default for failing to answer or respond to the Complaint. *See* ECF Nos. 24-27, 29. In an email sent to the appearing parties' counsel at 2:46 p.m. on February 13, 2020, Defendants Deogene and Melody Meza indicate that they intend to participate in this case and are seeking to obtain legal representation. A scanned copy of the email is attached to this Order (with counsel's email address redacted). It is unclear whether the Mezas' email also applies to the three Futures Group Defendants, for which the Mezas are alleged to be "officers and the sole members." *See* ECF No. 20, at ¶ 13.

      In light of the foregoing, and the preference for adjudicating this case on the merits rather than proceeding with default judgment proceedings, the Court grants Defendants Deogene Meza, Melody Meza, Futures Group IT LLC, Futures Group Holdings Inc., and Futures Group Staffing Solutions, Inc., a **one-time extension** of the deadline to answer or respond to the Complaint *nunc pro tunc* to **March 16, 2020**. No further extensions will be granted.

      In addition, all parties shall appear for a pretrial conference with the Court on **March 26, 2020**, at **3:30 p.m.** in **Courtroom 1105** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York. The parties shall treat this conference as an initial pretrial conference and follow the procedures specified in the Court's Order at ECF No. 3, including filing a joint letter and proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter no later than **Thursday of the week prior to the initial pretrial conference**.

      If the Mezas ultimately choose not to retain counsel and to represent themselves instead, they shall notify the Court that they are proceeding *pro se*. Pursuant to the Court's Individual

Rules and Practices in Civil *Pro Se* Cases, a copy of which is attached to this Order, all communications with the Court by a *pro se* party should be delivered to the *Pro Se* Intake Unit, Thurgood Marshall Courthouse, 40 Centre Street, Room 105, New York, New York 10007. No documents or court filings should be sent directly to Chambers. Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.

      The Court notes that there is a *Pro Se* Law Clinic in this District to assist non-incarcerated people who are parties in civil cases and do not have lawyers. The Clinic may be able to provide the Mezas with advice in connection with this case. The *Pro Se* Law Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit). The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. The Mezas can make an appointment in person or by calling (212) 659-6190.

      The Court notes that while the Mezas may choose to represent themselves, limited liability companies and corporations may appear in federal court only through licensed counsel, and if they fail to do so, a default judgment may be entered against them. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006).

      Plaintiff is directed to serve a copy of this Order on Defendants Deogene Meza, Melody Meza, Futures Group IT LLC, Futures Group Holdings Inc., and Futures Group Staffing Solutions, Inc. by certified mail (return receipt requested) and by email to deomeza1@gmail.com **within two business days of the date of this Order**, and to file proof of service **within one day of service**.

      SO ORDERED.

Dated: February 14, 2020  
      New York, New York

                                           JESSE M. FURMAN  
                                         United States District Judge

| From: | Deo Meza <deomeza1@gmail.com> |
|---|---|
| Sent: | Thursday, February 13, 2020 2:46 PM |
| To: | Patrick Kennell; |
| Subject: | Deogene Meza and Melody Meza Case No. 1:19-cv-08658-JMF |

Honorable Jesse M. Furman, U.S.D.J
United States District Court
Southern District of New York,
40 Foley Square
New York, New York.

Deogene Meza and Melody Meza
Case No. 1:19-cv-08658-JMF


Dear Judge Furman:

My name is Deogene Meza and I am a resident in the state of Florida. I am writing on behalf of my wife Melody Meza and myself, (defendants) to request that we receive additional time to find legal representation. I will not be able to attend today's pretrial conference, primarily since I just received a copy of the letter from Patrick Kennell (dated on December 5th 2019) yesterday evening Wednesday February 12, 2020 regarding today's initial conference at 2:45pm.

My wife and I have been excellent participants throughout the previous process of mediation. Unfortunately a settlement was not reached and since that mediation I understand now from this letter, the intent of the plaintiff Philadelphia Indemnity Insurance company.

I remain stable and hopeful that a fair and equitable resolution is in sight. In the meantime I will seek to hire council to address this lawsuit.

Please feel free to respond to this email or call me on my cell at 917-468-6875 until we secure proper representation.

Respectfully,

Deogene Meza


--
Deo Meza

Revised: November 12, 2019

### INDIVIDUAL RULES AND PRACTICES IN CIVIL *PRO SE* CASES
### Jesse M. Furman, United States District Judge

*Pro Se* **Office**
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Centre Street, Room 105
New York, NY 10007
(212) 805-0175

**Unless otherwise ordered by the Court, these Individual Practices apply to all civil cases involving *pro se* litigants (that is, litigants without counsel) before Judge Furman.**

1. **Communications with Chambers**

    A. **By a *Pro Se* Party.** All communications with the Court by a *pro se* party should be delivered in person or mailed to the *Pro Se* Office, Thurgood Marshall Courthouse, 40 Centre Street, Room 105, New York, New York 10007. No documents or court filings may be sent directly to Chambers. **Any questions should be directed to the *Pro Se* Office at (212) 805-0175; *pro se* parties may not call the Court directly.** Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system. If any other party is not a user of the ECF system (*e.g.*, if there is another *pro se* party in the case), a *pro se* party must send copies of any filing to that party and include an Affidavit of Service or other statement affirming that it has done so. Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court.

    B. **By Parties Represented by Counsel.** Except as otherwise provided below, communications with the Court by a represented party shall be governed by Judge Furman's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.

    C. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) the date of the parties' next scheduled appearance before the Court. If the requested adjournment or extension affects any other scheduled dates, a represented party

must submit a proposed Revised Scheduling Order in accordance with Judge Furman's Individual Rules and Practices in Civil Cases. A *pro se* party may, but is not required to, submit a proposed Revised Scheduling Order. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be directed to that assigned Magistrate Judge.

Absent an emergency, any request for extension or adjournment shall be made *at least 48 hours* prior to the deadline or scheduled appearance. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

2. **Filing of Papers and Service**

    A. **Papers Filed by a *Pro Se* Party.** All papers to be filed with the Court by a *pro se* party, along with one courtesy copy of those papers, shall be delivered in person or sent by mail to the *Pro Se* Office, Thurgood Marshall Courthouse, 40 Centre Street, Room 105, New York, New York 10007. Any *pro se* party that wishes to participate in electronic case filing ("e-filing") must file a Motion for Permission for Electronic Case Filing (available at http://nysd.uscourts.gov/file/forms/motion-for-permission-for-electronic-case-filing-for-pro-se-cases and in the *Pro Se* Office). If the Court grants a motion to participate in "e-filing," that party *will not* receive hardcopies of any document filed electronically via ECF.

    B. **Service on a *Pro Se* Party.** Counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and must file with the Court a separate Affidavit of Service. Submissions filed without proof of service that the *pro se* party was served will not be considered.

3. **Discovery**

    All requests for discovery by a *pro se* party should be sent to counsel for the party from whom discovery is sought. Discovery requests should not be sent to the Court.

    If there are any discovery disputes, the parties are required to confer with one another in an effort to resolve the dispute without the need for Court intervention. If the parties are unable to resolve their dispute, either party may file a letter-motion, no longer than three pages and in accordance with Paragraph 1 above, explaining the nature of the dispute and requesting an informal conference. If the opposing party wishes to respond to the letter, it must promptly file a responsive letter, not to exceed three pages.

4. **Motions**

   A. **Filing and Service.** Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within 30 days of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

   B. *Pro Se* **Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

   C. **Special Rule for Summary Judgment Motions.** With respect to any deposition that is supplied, whether in whole or in part, in connection with a summary judgment motion, the index to the deposition should be included if it is available.

   D. **Courtesy Copy.** One courtesy hard copy of all formal motion papers, marked as such, should be submitted to Chambers *by the non-pro se party* at the time the reply is due. Courtesy copies should not be submitted to Chambers at the time of filing. If all the parties are *pro se*, then no courtesy copies of formal motion papers are required.

   E. **Oral Argument.** Unless otherwise ordered by the Court, oral argument will not be heard in *pro se* matters.

5. **Initial Case Management Conference**

   Absent a motion to dismiss, the Court will generally schedule an initial case management conference within four months of the filing of the complaint. The Notice of Initial Pretrial Conference will be docketed on ECF and mailed to the *pro se* party or parties.

   The Court will set a schedule for the case at the initial case management conference. In most cases, the Court will give the parties four months (from the date of the conference) to complete all discovery, and set a deadline for the filing of any motions for summary judgment 30 days after the close of discovery. In advance of the initial case management conference, the parties should, if practicable, confer with one another to determine if such a schedule would be appropriate or if there is anything unusual about the case that would require more time and be prepared to discuss those issues at the conference. The Court will issue a written order memorializing all dates and deadlines following the conference.

   An incarcerated party may not be able to attend this or other conferences, but may be able to participate by telephone. If an incarcerated party does not have counsel and is unable to participate by telephone, a family member or a representative may attend the conference. In such instances, the incarcerated party may write to the Court in advance of the conference regarding any issue the *pro se* party wishes to have addressed at the conference. If a representative is designated, he or she should contact Chambers at (212)

805-0282 to determine the location of the conference. The Court will also have a transcript of the conference sent to the incarcerated party.

6. **Trial Documents**

    A. **Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of all discovery or, if a summary judgment motion is filed, within 30 days of the Court's ruling on summary judgment, the plaintiff in a *pro se* case shall file a concise, written Pretrial Statement. This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the plaintiff hopes to prove at trial; (2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial. The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff. If *pro se*, the plaintiff shall file an original of this Statement, plus one courtesy copy, with the *Pro Se* Office. Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar Statement of its case containing the same information.

    B. **Other Pretrial Filings.** If the case is to be tried before only a Judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement. If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement. At the time of filing, a represented party should e-mail these documents to the Court ([Furman_NYSDChambers@nysd.uscourts.gov](Furman_NYSDChambers@nysd.uscourts.gov)), in both .pdf and Microsoft Word formats. The *pro se* party may file such documents, but is not required to do so and need not submit them by e-mail.

7. *Pro Se* **Clinic**

    In 2016, a *Pro Se* Law Clinic opened in this District to assist non-incarcerated people who are parties in civil cases and do not have lawyers. The Clinic may be able to provide a non-incarcerated *pro se* litigant with advice in connection with his or her case. The *Pro Se* Law Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit). The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. An unrepresented party can make an appointment in person or by calling (212) 659-6190.